EAST JERSEY LUMBER & TIMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41496. Promulgated November 30, 1931.

*Edwin C. Dutton, Esq.*, and *Don R. Hutchinson, Esq.*, for the petitioner.

*J. M. Leinenkugel, Esq.*, for the respondent.

1048

### OPINION.

McMahon : The sole question here presented is whether the petitioner and the Bridge Company were affiliated during the year 1925 for income-tax purposes. Section 240 of the Revenue Act of 1926 provides in part as follows:

(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others, or (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests. This subdivision shall be applicable to the determination of affiliation for the taxable year 1925.

The evidence discloses that the same interests that owned all the stock of the petitioner also owned forty of the fifty shares of stock of the Bridge Company. The remaining ten shares of stock of the Bridge Company were outstanding in the name of G. V. Mitchell. Petitioner contends that this stock was also owned by the same interests which owned all the stock of the petitioner.

The evidence does show that the certificate issued in Mitchell's name for ten shares of Bridge Company stock remained in the possession of the Bridge Company until 1917, for the reason that Mitchell had not paid for it; that in that year Mitchell endorsed the certificate in blank and deposited it with a bank as collateral for a loan, Mitchell's note being endorsed by the Bridge Company; that Mitchell never paid any principal or interest of the note; that the Bridge Company paid the interest thereon; and that eventually the Bridge Company and the petitioner paid the principal amount of

the note. However, the note was not paid until after the year in question. So far as we are able to determine from the evidence the legal title to the ten shares in question was owned by Mitchell in 1925. The Bridge Company and the petitioner certainly did not own the ten shares of stock in question prior to the time they paid the principal amount of the note for which the stock was pledged as security. *Handy & Harman*, 17 B. T. A. 980; affd., *Handy & Harman* v. *Commissioner*, 47 Fed. (2d) 184; affd., 284 U. S. 136. Furthermore, there is nothing in the evidence to show that the ten shares of stock in question were not "voting stock" within the meaning of section 240 (c), *supra*. The fact that Mitchell did not, in fact, vote the stock has no bearing upon the question of whether the stock was "voting stock."

We conclude that the evidence does not establish that at least 95 per centum of the stock of the petitioner and the Bridge Company was owned by the same interests. The respondent's holding of non-affiliation is approved.

*Judgment will be entered for the respondent.*